IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

G.A.                                          )
                                              )
        Plaintiff,                            )
                                              )
v.                                            )        CIVIL ACTION
                                              )        FILE NO. 1:08-CV-2152-CC
City of Alpharetta, Georgia;                  )
Officer Robinson; and Officer Howard,    )
                                              )
        Defendants.                           )

## CONSOLIDATED PRETRIAL ORDER

I.

**There are no motions or other matters pending for consideration by the Court except as noted:**

Respecting prospective witness Monica Collins, Plaintiff proposes that the Court consider entering an Order providing for disclosure by the parties to each other of their discovery of the whereabouts of this prospective witness whose deposition has not heretofore been taken due to inability to locate her during the period of discovery, and for provision of her deposition in advance of trial in the event that she is located by either party.

The Court having previously entered a Protective Order concerning the release of the names of the original Plaintiffs, D.E. 24, the parties shall confer

and submit to the Court a proposal for the disclosure during trial of the full name of Plaintiff, G.A.

Where Maurice Kenner is no longer participating in the representation of the Plaintiff, the Plaintiff anticipates submitting a proposed Order permitting the withdrawal of Mr. Kenner as counsel of record for Plaintiff.

The parties will file appropriate motions in limine in accordance with the deadlines established by the Court.

2.

**All discovery has been completed, unless otherwise noted; and the Court will not consider any further motions to compel discovery. (Refer to L.R. 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.**

3.

**Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.**

4.

**Unless otherwise noted, there is no question as to the jurisdiction of the Court; jurisdiction is based upon the following Code sections:**

There is no jurisdictional question.  Jurisdiction is based upon 28 U.S.C. §1331 and upon 28 U.S.C. 1343(3) and upon 28 U.S.C. 1367.

5.

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Counsel for Plaintiff:

Brian Spears                                             Mike M. Chancey
Georgia Bar No. 670112                       1602 Healthrow Drive
1126 Ponce de Leon Ave.                    Cumming, Ga.  30041
Atlanta, GA  30306
bspears@mindspring.com

Counsel for Defendants:

Sun S. Choy
Georgia Bar No. 025148
schoy@fmglaw.com
Freeman Mathis & Gary, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948

**Other Parties (specify):**

Not applicable.

6.

**Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to L.R. 39.3(B)(2)(b)).  State below the reasons, if any, why the Plaintiff should not be permitted to open arguments to the jury.**

None.

7.

**The captioned case shall be tried (_____X_____) to a jury or (_____)to the Court without a jury, or (_____) the right to trial by jury is disputed.**

8.

**State whether the parties request that the trial to a jury be bifurcated, i.e., that the same jury consider separately issues such as liability and damages.  State briefly the reasons why trial should or should not be bifurcated.**

The parties do not request a bifurcation of this trial.

9.

**Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.**

10.

**Attached hereto as Attachment "B-I" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.**

**Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.**

**Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination.**

Not Applicable.

**The court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any.  Counsel may be permitted to ask follow-up questions on these matters.  It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will**

propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11.

**State any objections to Plaintiff's voir dire questions**:

Defendants have on objection to plaintiff's voir dire questions.

**State any objections to Defendants' voir dire questions**:

Plaintiff does not object to Defendants' voir dire questions.

**State any objections to the voir dire questions of the other parties, if any.**

Not applicable.

12.

**All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § l870.  See Fed.R.Civ.P. 47(b).**

The parties do not request any additional peremptory challenges.

13.

**State whether there is any pending related litigation. Describe briefly, including style and civil action number.**

The parties are aware of no related litigation pending before the Court.

14.

**Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading.  In negligence cases, each and every act of negligence relied upon shall be separately listed.  For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular**

item of damage.  Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence.  All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading.  For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulations, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties.  No further evidence will be required as to the facts contained in

**the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case.  It is the duty of counsel to cooperate fully with each other to identify all undisputed facts.  A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.**

l7.

**The legal issues to be tried are as follows:**

**<u>Plaintiff contends the legal issues to be tried are as follows:</u>**

1. Whether the strip search of G.A. conducted by the Defendant officers constituted an unreasonable search in contravention of the Fourth Amendment of the United States Constitution;

2. Whether the strip search of G.A. constituted an unreasonable search in violation of her right to be free from unreasonable searches and seizures under the Georgia Constitution;

3. Whether the actions of the Defendants constituted false imprisonment of G.A.

4. Whether the City of Alpharetta is vicariously liable for the conduct of Defendants Howard and Robinson for their alleged deprivation of G.A.'s rights

arising by operation of the laws and Constitution of the State of Georgia.

5. Whether plaintiff is to be awarded compensatory damages for her claims against the defendants or either of them.

6. Whether plaintiff is to be awarded punitive damages for her claims against either Defendant Howard or Defendant Robinson or both of them.

7. Whether plaintiff is to be awarded nominal damages regardless of whether the jury awards compensatory or punitive damages.

## Defendants contend that the legal issues to be tried are as follows:

(1)     Whether Officers Robinson and Howard violated plaintiff's Fourth Amendment rights.

(2)     Whether Officers Robinson and Howard violated plaintiff's right to be free from unreasonable searches and seizures under the Georgia Constitution.

(3)
            Whether Officers Robinson and Howard are liable for false imprisonment.

(4)     Whether the City of Alpharetta is vicariously liable for the conduct of Officers Robinson and Howard under state law.

(5)     Whether plaintiff is entitled to compensatory damages.

(6)     Whether plaintiff is entitled to punitive damages.

18.

**Attached hereto as Attachment "F-l" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witnesses who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use can be reasonably anticipated must be anticipated. Each party shall also attach to his list a reasonably specific summary of the expected testimony of each expert witness.**

**All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (l0) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.**

19.

**Attached hereto as Attachment "G-l" for the plaintiff, "G-2" for the defendant are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.**

Each party's exhibits shall be numbered serially, beginning with l, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included.  Any listed documents to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial.  Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

**Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.**

20.

**The following designated portions of the testimony of the persons listed below may be introduced by deposition:**

**<u>Plaintiff</u>:**

Plaintiff is not currently aware of the need to introduce testimony by deposition other than within the normal course of cross examination of witnesses who are otherwise present before the jury.

**<u>Defendant</u>:**

Defendants do not anticipate introducing testimony by deposition.

**Any objections to the deposition of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the date the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.**

21.

**Attached hereto as Attachments "H-l" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing**

citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with Local Rule 51.1, N.D. Ga. will not be considered. In addition, each party should attach to the requests to charge a short (not more than one page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment

"I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the Court.

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

Plaintiff:

Plaintiff does not request additional time for arguments.

Defendants:

Defendants do not request additional time.

25.

If the case is designated for trial to the Court without a jury, counsel are directed to submit proposed findings of fact and conclusions of law not later than the opening of trial.

26.

Pursuant to LR 16.3, N.D. Ga., lead counsel and persons possessing settlement authority met in person on February 23, 2009 to discuss in good faith the possibility of settlement of this case. The Court (__X__) has or (____) has not discussed settlement of this case with counsel. It appears at this time that there is:

(_____) A good possibility of settlement.

(_____) Some possibility of settlement.

(__X__) Little possibility of settlement.

**(\_\_\_\_\_) No possibility of settlement.**

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

28.

The plaintiff estimates that she will require 1 day to present her evidence. The defendants estimate that they will require 1-1.5 days to present their evidence. It is estimated that the total trial time is 2.5 days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (\_\_X\_\_) submitted by stipulation of the parties or (\_\_\_\_) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this _____ day of _____, 2009.

_____

**CLARENCE COOPER**
**UNITED STATES DISTRICT JUDGE**


**Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this Court.**

Counsel for Plaintiff:


/s/ Brian Spears
Brian Spears
bspears@mindspring.com
Georgia Bar No. 670112
1126 Ponce de Leon Ave.
Atlanta, GA 30306
Telephone:     404-872-7086
Facsimile:     404-892-1128


Counsel for Defendants:


/s/ Sun S. Choy
Sun S. Choy
schoy@fmglaw.com
Georgia Bar No. 025148
100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
Telephone:     770-818-0000
Facsimile:     770-937-9960

I

N THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

G.A.                                      )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )        CIVIL ACTION
                                          )        FILE NO. 1:08-CV-2152-CC
City of Alpharetta, Georgia;              )
Officer Robinson; and Officer Howard,     )
                                          )
        Defendants.                       )

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically submitted the foregoing

**CONSOLIDATED PRETRIAL ORDER** to the Clerk of Court using the

CM/ECF system which will automatically send electronic mail notification of

such filing to counsel of record who are CM/ECF participants and mailed by

United States Postal Service, first-class postage prepaid, a paper copy of the

same document to all parties that are non-CM/ECF participants.  Counsel of

record are:

Brian Spears
1126 Ponce de Leon Ave.
Atlanta, GA 30306

Mike M. Chancey

1602 Heathrow Drive
Cumming, GA 30041-6182

Maurice G. Kenner
Decatur Court Suite 602
315 W. Ponce de Leon Ave.
Decatur, GA 30030

This the 1st day of June, 2009.

/s/  Sun S. Choy
Sun S. Choy
Georgia Bar No. 025148

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
schoy@fmglaw.com
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## ATTACHMENT "A"

### Plaintiff's Proposed Questions to Jurors Concerning Legal Qualifications to Serve

1. Are there any of you who is not a citizen of the United States?

2. Are there any of you who is less than 18 years of age?

3. Are there any of you who has not resided for a period of at least one year within the Northern District of Georgia?

4. Are there any of you who is unable to read, write, speak or understand the English language?

5. Are there any of you who is incapable by reason of mental or physical infirmity to render jury service?

6. Are there any of you who has been convicted in any state or federal court of record of the commission of any criminal offense which is punishable by imprisonment for more than one year whose civil rights have not been restored?

7. Are there any of you who has a charge pending against you for a criminal offense in any state or federal court of record for a crime punishable by imprisonment for more than one year?

8. Is any juror related by blood or marriage to either of the following persons:

 G. A.

 Jennifer Joy Howard

John Robinson

9. Is any juror an agent, employee, resident or elected official of Alpharetta,

Georgia?

### Defendants' Proposed Questions to Jurors Concerning
### Legal Qualifications to Serve

(1)    Is any juror related by blood or marriage to plaintiff G.A.?

(2)    Is any juror a current or former employee of Freeman Mathis & Gary, LLP, or related by

blood or marriage to a current or former employee of Freeman Mathis & Gary, LLP?

(3)    Has any juror not lived in the Northern District of Georgia for at least one (1) year?

(4)    Are all jurors United States citizens?

(5)    Is there anyone who is not at least 18-years old?

(6)     Is there anyone who is unable to read, write, and understand the English language?

(7)     Is there anyone who is unable to speak the English language?

(8)     Is there anyone who is incapable of serving on a jury because of mental or physical infirmity?

(9)     Are any jurors currently subject to any felony charges?

(11)    Have any jurors been convicted of a felony charge?

## ATTACHMENT "B-1"

## Plaintiff's Proposed Voir Dire Questions

Listed below are the general questions which Plaintiff wishes to be propounded to the jurors on voir dire examination:

1. In addition to the Court's inquiry as to each potential juror's address and occupation, the following information is also desired of each potential juror: employer's name and nature of business; number of years in occupation, marital status and educational background.

2. Do you belong to any civic or volunteer groups or organizations? If so, which groups do you belong to? How frequently do you attend meetings or functions of whatsoever groups or organizations you have named?

3. In the event that you are or have ever been a resident of Alpharetta, have you ever taken a position, through petition or public statement or otherwise, on whether the conduct of members of the Police Department of Alpharetta should be changed or retained?

4. Have any of you learned anything, or received any information of any kind concerning Mr. John Robinson or Ms. Jennifer Joy Howard, the individual Defendants in this lawsuit, or Grace

Genelle Altwies, also known as Genny Altwies, the Plaintiff in this lawsuit,  prior to coming here today?  If so, please describe to the Court what that information consisted of.

     5. What is the name, age, and occupation of any child of yours?

     6. Have you or any member of your family ever been a party to any lawsuit?

7. Have you or any member of your immediate family ever received any sort of legal training or education or held a law-related job?

8. Have you ever served on a trial jury before?

   a. If so, please describe the nature of the case [i.e., whether a civil case or a criminal case], whether the jury was able to reach a decision, and whether you acted as foreperson for the jury.

   b. If so, please state whether the trial was one in federal court or in another court.

   c. If so, please state whether you were satisfied with the outcome in the case.

   d. If so, please state whether there was any aspect of your experience in such case or cases that you believe would make it difficult for you to serve as a juror in this case.

9. Do you now or have you in the past, had any acquaintance (however slight) with or been represented by any of the attorneys who represent any of the parties to this lawsuit?  Have you had any such contact with any of the law firms with which these attorneys are associated? Has anyone in your family had such contact or acquaintance or been so represented?

   10. Have you ever been an employee of Alpharetta or of any other governmental entity? Has

anyone in your family ever been employed by or had a contract with Alpharetta or any other governmental entity? If so, who was so employed, at what time, with what governmental entity, and in what capacity?

11. Have you, any member of your family, or any friend of yours ever held any job in or with any law enforcement agency, whether state, local or federal, or with any private security agency? If so, what person was so employed, at what periods of time, by what agency or agencies, and in what capacity?

12. Do your activities in your work or in your social activities cause you to have contact with any law enforcement officers or agencies? Is so, please describe.

13. If you have answered in the affirmative to the questions in numbers 11 or 12 above, please explain whether the relationship or experience with law enforcement persons or agencies might cause you to sympathize with, give greater credit to the testimony of, or in any manner favor the Defendants because he or she are law enforcement officers?

14. This case involves claims by Ms. Altwies that her civil rights were violated by Mr. Robinson and Ms. Howard when she was allegedly subjected to a strip search by them while they were on duty as Alpharetta Police Officers.  Given these claims by the Plaintiff,  is there any person among you who feel that you would rather not serve on this jury or feel there is any reason in your own mind which would make you unable to render a fair and impartial verdict in this case?

15. Would you have any hesitancy to reach a verdict for the Plaintiff simply because of the fact that this is a civil rights case, or that this is a case against law enforcement officers working for Alpharetta, Georgia.

16. Do you have any opinions one way or another as to whether there is a problem of police misconduct in our society? If so what are your opinions?

17. Is there any reason why you might be troubled or embarrassed if you served on the jury on this case and the jury were to find the Defendants liable?

18. If, after hearing the evidence and the instructions of the judge you found that Ms. Altwies's rights had been violated, is there anything that might cause you to hesitate to require the Defendants pay money damages to the Plaintiff. If so, what is that reason?

19. Is there anything about the fact that the Defendants in this lawsuit are law enforcement officers that would make it difficult for you to compensate the Plaintiff with monetary damages in the event that you reached a verdict?

20. Do you know or have any familiarity with any of the following persons:

(a) Plaintiff's witnesses

(b) Defendant's witnesses

21. Have you ever reported the occurrence of events or facts to police which you believed constituted a crime? If so, please describe.

22. Have you ever been the victim of a crime?  If so, and if law enforcement officers responded to your report of the crime, is there any way in which their conduct toward you might affect your feelings about this case?

23. What, if any publications or on-line news services do you receive or read on a regular basis?

24. Without saying what the charge may have been for, have you ever been arrested by police

officers? If so, when? If so, do you believe that the occurrence would affect your ability to be fair and impartial in this case?

25. Have you ever been the subject of a search of your person, home or property by a law enforcement officer?   If so, do you believe that the occurrence would affect your ability to be fair and impartial in this case?

26. Do you have any opinions as to whether police officers are the target of unfair criticism in society today?

27. Do you have any opinions as to whether police officers are subjected to too many lawsuits in society today?

28. Have you ever known a police officer who was sued for their conduct while in the performance of their duties?

29. Have you ever observed a person being searched by a police officer?

a. If so, please explain whether you feel that the experience might affect your deliberation upon the evidence in a case such as this one.

30. Have you ever contributed to any police benevolent or social fund or organization?

31. Have you ever been a member of any police benevolent or assistance organization?

32. Have you ever been to the Hudson Grille, a restaurant in Alpharetta, Georgia?  Have you ever heard anything about anything taking place at that restaurant?  If so, please explain whether having been present at the restaurant, or having heard something about the restaurant will have any bearing on your consideration of the evidence in this case.

<u>**Attachment "B-2"**</u>

<u>**Defendants' Proposed Voir Dire Questions**</u>

   Defendants submit the following proposed voir dire questions to be submitted to the jury panel in this case. If a question is answered in the affirmative by a proposed juror, counsel for defendants respectfully request leave to ask follow-up questions.

(1)  Without telling us the reason, if any of you would rather just not serve on this jury, please raise your hand.

(2)  The plaintiff in this action is G.A. Do you personally know G.A. or her family members?

   (a)  If so, please state who you know and explain how you know them.

(3)  Do you know the attorneys in this case representing the plaintiff, who are Brian Spears, Mike Chancey, and Maurice Kenner?

       (a)      If so, please state who you know and how you came to know him.

(4)      The individual defendants in this action are John Robinson and Jennifer Howard, police officers with the City of Alpharetta.  Do you personally know John Robinson or Jennifer Howard?

       (a)      If so, please state who you know and explain how you know him or her.

(5)      John Robinson and Jennifer Howard's employer, the City of Alpharetta, is also a defendant in this action.  Do you or anyone in your immediate family have any relationship or connection with the City of Alpharetta government or the City of Alpharetta Police Department?

       (a)      If so, what relationships or connections do you or your family members have?

(6)      Do you know the attorney in this case representing the defendants, who is Sun Choy of the law firm of Freeman Mathis & Gary, LLP?

(a)     If so, please state how you came to know him.

(7)     Do you know or have you heard anything about this case?

(a)     If so, please state what you know.

(8)     Have any of you or any of your family ever been employed as a law enforcement officer or at a law enforcement agency, such as a police or sheriff's department?

(a)     If so, please describe where you worked, the dates you worked there and the position you held.

(9)     Have you or a member of your family ever been accused of, charged with, or convicted of any crime or been the subject of a criminal investigation?

(a)     If so, do you feel you were justly treated?

(10)    Other than traffic court, have you or any member of your family had any interaction with the Court system or a law enforcement agency?

(11)    For whatever reason, do you dislike or have any ill feelings towards law enforcement officers?

(12)    Have you or any of your family members ever served in the armed forces?

      (a)    If so, please indicate the specific branch of military in which you served (i.e., Army, Navy, Air Force, Marines, Coast Guard or National Reserve), and dates of service.

(13)    Do you know any of the potential witnesses in this case, who are: (read witness list)?

      (a)    If so, please state who you know explain how you know them.

(14)    Have you or any members of your family ever been a party to a lawsuit, including a bankruptcy proceeding?

      (a)     If so, please describe generally what type of lawsuit it was, whether you were suing or being sued, what the outcome of the lawsuit was and approximately when you participated in the suit.

(15)    Are you or your immediate family currently, or have you or they been, members of a professional, fraternal, social or civic organization of any kind?

      (a)     If so, what organization?

      (b)     Did you hold any leadership positions?

(16)    Do you have bumper stickers on your personal vehicle?

      (a)     If so, what do they say (to your best recollection)?

(17)    Do you subscribe to any magazine or newspaper for regular delivery?

      (a)     If so, what are the names of the magazine or newspaper?

(18)    Have you or any member of your immediate family served on a jury?

      (a)     If so, where you the foreperson?

      (b)     Did the jury reach a verdict?

(19)   Do you regularly watch any reality-based law enforcement shows such as "Cops"?

      (a)     If so, which show(s)?

(20)   Is there anyone who thinks the plaintiff must have been harmed or else she would not have brought this lawsuit?

(21)   Is there anyone who believes that the defendants must have done something wrong if they ended up being sued?

(22)   Is there anyone who has difficulty seeing, hearing, or reading?

(23)   Is there anyone who has a physical limitation that prevents you from serving as a juror in this case?

(24)   Do any of you feel that, for whatever reason, you cannot be fair to both sides in this case?

(25)     Is there anyone who has any moral or religious beliefs about sitting in judgment of others such that it would prevent you from being fair and impartial?

(26)     Do you know of any reason why you could not render a fair or impartial verdict in this case?

**ATTACHMENT "C"**

**Plaintiff's Outline of the Case**

A.      **Plaintiff's Statement of the Facts**

While having lunch with friends at an Alpharetta restaurant, known as the Hudson Grille, the plaintiff went to use the women's toilet. At a point close in time to her going to the women's toilet, an employee of the restaurant called the 911 telephone number for Alpharetta and asked for officers to be sent to the restaurant. Defendants Howard and Robinson drove separately to the restaurant and, after just a moment of contact with a restaurant employee, walked into the female toilet. G.A. was inside the toilet, along with one of her luncheon friends. Howard and Robinson secured identification from the plaintiff and conducted a limited search. Plaintiff was then directed to expose private areas of her body to the officers as a part of the search. Plaintiff followed those directions and thus was subjected to a strip search. The plaintiff had not committed any criminal offense and never posed a threat to the safety of either officer; the plaintiff was not arrested or cited for any violation of any local, state or federal law. Plaintiff was eventually advised that she could leave, which she did.

**B.**     **Relevant Rules, Regulations, Statutes, Ordinances And Illustrative Case Law Creating A Specific Legal Duty Relied Upon By Plaintiff**

1. **Section 42 U.S.C. 1983** authorizes the Plaintiff to initiate this action for vindication of

the deprivation of her rights as secured by the Fourth Amendment to the United States Constitution.

2. The **Fourth Amendment** to the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

3. **Failure to intervene jurisprudence**:

 The law of this circuit is that an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's violation of the Fourth Amendment can be held liable for his failure.  Skrtich v. Thornton, 280 F.3d 1295, 1302 (11th Cir. 2002); Fundiller v. Cooper City, 777 F.2d 1436, 1441-42 (11th Cir. 1985); Priester v. City of Riviera Beach, Fla., 208 F.3d 919, 924 (11th Cir. 2000).

 4. **Consent search cannot be "inferred."**

A person's consent to a search for which an officer would not otherwise be permitted to conduct cannot be implied or inferred by a police officer.  In order for a person's consent to a search to be a defense to an officer, the consent so given must be explicitly given by the person so searched.  See, e.g., Illinois v. Rodriguez, 497 U.S. 177, 181;  United States v. Gonzalez, 71 F.3d 819, 830 (11th Cir. 1996).

5. **Fourth Amendment Violations Not Dependent Upon Subjective Intent of Officers**.  Whether officers Howard and Robinson acted "reasonably" for constitutional purposes is not determined by reference to their "subjective" intent or their "state of mind." Instead their reasonableness is judged by the objective information available to them.  Graham v. Connor, 490 U.S. 386 (1989).

6. **Joint and several liability**.  Under federal common law applicable in 1983 actions, the defendants are jointly and severally liable for any judgment arising from an indivisible injury. Weeks v. Chaboudy, 984 F.2d 185 (6th Cir. 1993).

7.  The Georgia Constitution provides that:

The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue except upon probable cause supported by oath or affirmation particularly describing the place or places to be searched and the persons or things to be seized.Ga. Const. Art. I, § I, Para. XIII

8.  False Imprisonment Under Georgia Law:  False imprisonment is the unlawful detention of the person of another, for any length of time, whereby such person is deprived of his personal liberty. O.C.G.A. § 51-7-20. The only essential elements of the action being the detention and its unlawfulness, malice and the want of probable cause need not be shown.  Ferrell v. Mikula, 295 Ga. App. 326 (Ga. Ct. App. 2008)

C.  Description of Damages Sought

        Plaintiff seeks the following nature of damages:

        1.  **Compensatory Damages** for her personal injury and emotional injuries including stigma, humiliation, fright, and emotional trauma. See, Hall v. Ochs, 817 F.2d 920, 927 (1st Cir. 1987); Martin v. City of New Orleans, 678 F.2d 1321 (5th Cir. 1982).  Such damages are sought from all three of the defendants.

2. **Punitive Damages**: Punitive damages against individual defendants are authorized. <u>Smith v. Wade</u>, 461 U.S. 30, 103 S.Ct. 1625 (1983); <u>McCulloch v. Glasgow</u>, 620 F.2d 47, 51 (5th Cir. 1980). Plaintiff does not seek punitive damages as against the City of Alpharetta.

3. **Attorneys fees and costs** pursuant to 42 U.S.C. 1988, and 28 U.S.C. 1920 in the event that the Plaintiff is found to be prevailing party with respect to her federally based claims or in the event that .

4. In addition, Plaintiff is authorized to recover nominal damages from the Defendants for violation of her constitutional rights. See, e.g., <u>Gibeau v. Nellis</u>, 18 F.3d 107 (2d Cir. 1994); <u>Slicker v. Jackson</u>, 215 F.3d 1225 (11th Cir. 2000).

## ATTACHMENT "D"

**A.    Defendants' Outline of the Case**

On June 12, 2007, Officers John Robinson and Jennifer Howard of the City of Alpharetta Police Department responded to a report by Tony Shaw, the manager of Hudson Grille restaurant, that two customers were doing illegal drugs in the woman's bathroom.  Upon entering the bathroom, plaintiff G.A. and her friend were found sharing the same toilet stall.

After obtaining consent, Officer Howard conducted a "pat down" of plaintiff G.A. and her friend, S.K., while Officer Robinson searched their purses. Officers Robinson and Howard did not perform a "strip search" of plaintiffs. When no illegal drugs or contraband were found, plaintiff G.A. and S.K. left the bathroom and joined their party in the patio area of the restaurant. Officers Robinson and Howard left the premises.

**B.    Relevant Rules, Regulations, Statutes, Ordinances
And Illustrative Case Law Creating A Defense**

U.S. Const. amend. IV

42 U.S.C. § 1983

Florida v. Jimeno, 500 U.S. 248 (1991)

Harlow v. Fitzgerald, 457 U.S. 800 (1982)

**ATTACHMENT "E"**

**Stipulated Facts**

ATTACHMENT "F-1"

**Plaintiff's Witness List**

**Plaintiff will call:**
    G.A.

**Plaintiff may call:**
    Mark Altweis
    Carol Higgins
    Christie Gailey
    Michael Higgens
    Bobby Beauhinsky
    Sherry Knight

**Any witnesses listed by defendants in this Pre-Trial Order.**

**Any witnesses deemed necessary for rebuttal or impeachment purposes.**

**ATTACHMENT "F-2"**

**I.**   **<u>Defendants' Witnesses Who Will Be Called At Trial</u>:**

     (1)    John Robinson

     (2)    Jennifer Howard

**II.**   **<u>Defendants' Witnesses Who May Be Called At Trial</u>:**

     (3)    S.K.

     (4)    Tony Shaw

     (5)    David Joseph Merrill

     (6)    Phillip Jason Cox

     (7)    Michael Siler

     (8)    Monica Collins

(9)     Any witnesses listed by plaintiff in this Pre-Trial Order.

(10)    Any witnesses deemed necessary for rebuttal or impeachment purposes.

**ATTACHMENT "G-1"**

**Exhibit List of Plaintiff's Documentary and Physical Evidence**

1. Search and Seizure Policy, including arrests without warrant and including stop and frisk policies, of City of Alpharetta
2. Clothing worn by G.A. on day of incident.
3. Photos of Restaurant and interior of bathroom
4. Audio recording of radio transmissions between dispatcher and Defendants
5.  Law Enforcement Liability Coverage Policy issued by Columbia Casualty Company
6. Floor Plan of Restaurant
7. Hudson Grill Receipts of 5/12/07
8. Signal Codes for City of Alpharetta
9. Call Log for 5/12/07 pertaining to the response by Defendants Robinson and Howard to the Hudson Grill

Plaintiff reserves the right to supplement its exhibit list contingent on the court's ruling on the admissibility of the Defendants' exhibits.

**ATTACHMENT G-1(A)**

**Defendants' Objections To Plaintiff's Exhibits**

(1)     Depending on specific use at trial, defendants object to admission of the "Search and Search Policy" on relevancy grounds.

(2)     Defendants object to admission of the "Law Enforcement Liability Coverage Policy issued by Columbia Casualty Company" on relevancy grounds. In light of the state law claim against the City of Alpharetta, defendants acknowledge that the applicable insurance agreement may be relevant for the limited purposes of establishing a waiver of sovereign immunity. Accordingly, defendants will consider a stipulation regarding the waiver of sovereign immunity in order to avoid publication of the existence of the relevant insurance agreement to the jury.

Defendants may stipulate to the authenticity of certain exhibits

depending on specific use at trial.

**ATTACHMENT "G-2"**

**Exhibit List of Defendants' Documentary And Physical Evidence**

(11)    May 12, 2007 receipt for Table 211

(12)    CAD Operations Report for the incident at issue and related recording

(3)    Photographs of the restaurant, including the bathroom at issue

(4)    Defendants reserve the right to supplement with rebuttal exhibit(s) contingent

on the Court's ruling on the admissibility of plaintiff's exhibits.

**Attachment G-2 (A)**

Plaintiff's objections to Defendants' Proposed Exhibits

1. May 12, 2007 receipt for Table 211

Assuming that Defendant's Exhibit 1 is a copy of the receipt for the table at which Plaintiff was being served, then plaintiff does not object on the grounds of authenticity. However, depending upon the purpose for which it is being tendered, plaintiff objects upon the grounds of relevancy, materiality, hearsay and cumulativeness.

2. CAD Operations Report for the incident at issue and related recording

a. as to the "related recording" - assuming that it is the complete recording of both officer communications on the day in question and a recording of restaurant manager Shaw's call to Alpharetta 911, then authenticity will not be an issue; however, in the absence of knowing which section of said recording might be introduced, Plaintiff objects upon the grounds of relevancy, hearsay, prejudice outweighing probative value,  and materiality.

b. with respect to the CAD operations report, this is a several page document with separate parts; if the document as a whole is proffered,  it will be necessary to assert objections upon the grounds of relevancy, hearsay, materiality and prejudice outweighing probative value.

3. Photographs of the restaurant, including the bathroom at issue

Assuming that the photos to which the Defendants refer by this designation are those previously identified in deposition, then there is no objection.

**ATTACHMENT "H-1"**

**Plaintiff's Trial Briefs**

Plaintiff does not have a trial brief at this time.

**<u>ATTACHMENT "H-2"</u>**

**<u>Defendant's Trial Briefs</u>**

Defendants do not have any trial briefs at this time.

**ATTACHMENT "I"**

**Submission of Verdict Forms**

The parties will submit (a) special verdict form(s) prior to trial.